[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT NO. 103
On March 13, 1996, the plaintiff, Peter Burtscher, filed a two count complaint alleging breach of a separation agreement and unjust enrichment against the defendant, Eileen Samor. The plaintiff alleges in his complaint that the separation agreement was incorporated into the judgment dissolving the marriage between the parties on June 26, 1985. The plaintiff further alleges that the agreement provides, inter alia, that the defendant was to have exclusive possession of the family home CT Page 3981 until February 1, 1993, barring other specifically enumerated occurrences, and that after that date, the defendant's exclusive possession would terminate and the house was to be listed for sale. The plaintiff alleges that the defendant delayed listing the house, but that the house was ultimately listed, and sold on February 28, 1996. The plaintiff alleges that the defendant's failure to timely list the property breached the separation agreement, and that the defendant owes the plaintiff compensation for her use of the premises from February 1, 1993 through February 28, 1996.
On November 27, 1996, the plaintiff filed a motion for summary judgment on the grounds that, as tenants in common, the defendant is liable for the value of her use and occupation of the property under General Statutes § 52-404 (b), and that the defendant breached the separation agreement by not listing the property on February 1, 1993. The plaintiff also filed a memorandum of law and evidence in support of his motion. The defendant filed a memorandum and evidence in opposition to the plaintiff's motion for summary judgment on February 24, 1997.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citation omitted; internal quotation marks omitted.) Doty v. Mucci, supra, 238 Conn. 805-06.
The plaintiff argues that the dissolution of the marriage between the parties created a tenancy in common in the property, and under § 52-404 (b)[1] the defendant is liable for use and occupation in excess of her proportion. The plaintiff further contends that the separation agreement gave the defendant CT Page 3982 exclusive possession only until February 1, 1993, and that she owes the plaintiff for the use of the property until it was sold. The defendant responds that the obligation to list the property was not imposed exclusively on the defendant; that the plaintiff contributed to any delay in listing; that the parties rights are to be determined by the separation agreement; and that the plaintiff released this claim.
"Where a judgment incorporates a separation agreement, the judgment and agreement should be construed in accordance with laws applied to any contract. . . . The trial court's construction of the agreement is an issue of fact subject to review under the limited standard of whether it is clearly erroneous. . . . The interpretation of the agreement is a search for the intent of the parties. . . . This intent must be determined from the language of the instrument and not from any intention either of the parties may have secretly entertained. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Citation omitted; internal quotation marks omitted.)Champagne v. Champagne, 43 Conn. App. 844, 848, 685 A.2d 1153
(1996).
The separation agreement provides in § 8.6(F) that the defendant would have exclusive possession of the property until February 1, 1993. Section 8.7 states that upon this occurrence, the property shall immediately be listed for sale. However, the agreement does not express which party was to list the property, and does not provide that the defendant is to pay for the use of the property from the time of the listing until the time of sale. Although the plaintiff argues that the defendant is liable for such payments pursuant to § 52-404 (b), the separation agreement also provides in § 7.1 that "[i]t is the intention of the parties that, except as otherwise provided in this Agreement, all liability of whatsoever nature, on the part of each to the other, past, present and future, actual or potential, whether arising from their relationships as husband and wife, or otherwise, shall cease and terminate absolutely and forever." Article X of the separation agreement also sets forth a release as to any claims arising out of property. Furthermore, even if § 52-404 (b) is applicable, there is a genuine issue of fact as to whether the defendant's use of the property was in greater proportion than her interest in the property.
Additionally, genuine issues of material fact exist as to CT Page 3983 whether the defendant was to list the property, whether any of the delay in the listing was attributable to the plaintiff, whether the separation agreement allows the plaintiff to recover for the use of the property after the termination of the defendant's exclusive possession, and whether the releases in the separation agreement bar the plaintiff's claims.
Accordingly, the plaintiff's motion for summary judgment is denied.
DAVID SKOLNICK, JUDGE