[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The question presented by this matter is whether an unambiguous stipulated judgment providing for the transfer of a percentage of the plaintiffs pension based upon its value on a certain date can be enforced by contempt or otherwise where the parties each testified differently about the relevant date during the court's canvas about the agreement. The court finds that the written agreement can be enforced.
The defendant has moved to have the plaintiff held in contempt of court CT Page 1073 for her failure to comply with a provision in the November 27, 2000 stipulated judgment requiring her to transfer to the defendant forty percent of her pension.[1] The judgment provided in relevant part:
 The Wife shall pay to the Husband 40% of her pension plan through Yale New Haven Hospital as that amount is stated on her March 2000 financial affidavit minus acceptable reasonable expenses. . . . Wife will provide husband with an accounting of her said pension funds spent on or before November 30, 2000. Husband reserves the right to object to said reasonable expenses. If the parties do no agree, the court will hold jurisdiction regarding this matter.
Agreement, Paragraph 4.4. The judgment included other property division provisions including one requiring the wife to pay $5,000.00 in lump sum alimony and one requiring her to pay $15,000.00 for the husband's interest in the house. These have been satisfied.
The plaintiffs March 2000 financial affidavit listed the value of her pension as $111,786.00, while the financial affidavit she filed contemporaneously with the final hearing in November 2000 listed its value as $59,482.74. Forty percent of the March amount is $44,714.40, while forty percent of the November 2000 amount is $23,793.10. She had removed substantial sums from the pension during the pendency of the action. The provision in the judgment permitting an accounting of the expenditure of reasonable sums related to these withdrawals was ambiguous, but that ambiguity was resolved when the court held an evidentiary hearing on the claims and determined that they were not justified. The provision concerning the date of valuation of the pension was not ambiguous.
The parties were assigned for trial on October 24, 2000. They reported an agreement and the plaintiffs counsel questioned her under oath concerning the agreement. The court (Domnarski, J.) found that the parties' agreement regarding the plaintiffs obligation for child support was not fair and equitable and declined to enter judgment. The plaintiff was not questioned regarding the distribution of the pension.Transcript, October 24, 2000.
On November 27, 2000, when the parties again appeared for trial, the plaintiffs counsel reported that they had again reached agreement. The plaintiff corrected and recertified the financial affidavit she had filed on October 19, 2000 in advance of the October 24 hearing. The plaintiffs counsel inquired whether the plaintiff was aware that she was giving her husband forty percent of her pension, and she said she was. The plaintiffs attorney represented that the defendant would not be entitled to any increase in the pension after the date of the dissolution. After CT Page 1074 additional colloquy, the defendant's attorney expressed her own understanding that the forty percent would be calculated based on the $86,271.00 pension figure in the plaintiffs October financial affidavit. Confusion resulted because the plaintiff had amended her October financial affidavit by hand at the November hearing to reflect a pension value of $59,482.74. To give the parties an opportunity to resolve the ambiguity, the court recessed, but prior to its recess the court stated:
 And furthermore, your client is agreeing to agree by that figure of March of 2000, which whatever that affidavit shows, it shows. If she's prepared to yield 40% of a larger figure, that's fine with the Court, as long as she understands that's what's happening. You just need to confirm all this.
Transcript; November 27, 2000, p 28.
A judgment rendered in accordance with the stipulation of the parties is to be regarded and construed as a contract. It must be construed to effect the intention of the parties, which must be ascertained by the language in the contract, the circumstances surrounding its formation, and the purposes it sought to achieve. Where the language of the contract is unambiguous, the contract will be given effect according to its terms. Bernard v. Bernard, 214 Conn. 99, 109-10 (1990). Where the contract is unambiguous, parol evidence is not ordinarily admissible to vary or contradict its terms. HLO Land Ownership Associates Ltd.Partnership v. Hartford, 248 Conn. 350, 358 (1999). "`A court will not torture words to import meaning where the ordinary meaning leaves no room for ambiguity.' Champagne v. Champagne, 43 Conn App. 844, 848,685 A.2d 1153 (1996)." Sachs v. Sachs, 60 Conn. App. 337, 343 (2000).
Because the language providing that the defendant would receive forty percent of the pension as valued on the March 2000 financial affidavit was unambiguous, it cannot be varied by the confusion in the canvas. When the court ruled against the plaintiff regarding the claimed necessary expenses, it inquired whether there was any dispute as to the pension amount other than for the claimed expenses. Ultimately, the court stated: "I believe that unless there are other deductions that you [the plaintiff] wish to bring to the attention of the court, that the court should sign an order for forty percent of the amount stated of a hundred and eleven thousand seven eighty-six which I think comes to the figure." See, Transcript, February 1, 2001, p. 29. The plaintiffs counsel did not disagree, even though the court gave her an opportunity to do so, and no appeal followed. The plaintiffs counsel prepared and submitted to the court a proposed judgment file which included a provision stating: "The wife will pay husband 40% of her pension as stated on her March 2000 financial affidavit minus acceptable reasonable expenses." CT Page 1075
The plaintiff is found to be in violation of the court order requiring her to transfer $44,714.40 from her pension by qualified domestic relations order. She is ordered to transfer all of her presently existing pension up to that amount by a qualified domestic relations order within ten days, and to make up any shortfall that may be caused by a diminished value of the pension by paying the defendant a sum sufficient to net him a total of $44,714.40 net of taxes, also within ten days. The plaintiff was previously ordered to hold a sum from the sale of the house sufficient to meet this obligation.
Orders will enter accordingly. The parties will report the status of the payments on February 21, 2002 in court.
BY THE COURT,
GRUENDEL, J.