JEANNE S. DELEVETT *v.* ALLEN F. DELEVETT, SR.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

1

Argued November 8, 1967—decided January 4, 1968

*John Keogh, Jr.,* with whom, on the brief, was *Robert A. Fuller,* for the appellant-appellee (plaintiff).

*Frank F. Ober,* for the appellee-appellant (defendant).

THIM, J.   On September 30, 1958, the Superior Court granted the plaintiff wife a divorce on the ground of intolerable cruelty.  The care and custody of the couple's six minor children was awarded to the plaintiff, subject to the right of reasonable visitation by the defendant.  The decree provided that "[t]he defendant is to make weekly payments for the support and maintenance of the children in the sum of $150."  The decree further ordered the defendant to pay, under certain circumstances, dental expenses which were incurred on behalf of any child.  When the couple's oldest child became emancipated on February 27, 1962, the defendant reduced

the weekly support and maintenance payments by $25. He reduced them by another $25 when the second oldest child became emancipated on September 9, 1965. In September, 1963, the plaintiff incurred and paid an obligation to an orthodontist for straightening the teeth of one of the minor children. The defendant refused to reimburse the plaintiff for the expenditure.

On February 14, 1966, the plaintiff filed with the Superior Court a motion to have the defendant adjudged in contempt for his failure to comply with the order of the court concerning the support payments for the minor children.

The defendant denied that he was indebted to the plaintiff under the decree. The court then undertook to construe the decree to determine if and to what extent the defendant had failed to comply with its provisions. It construed the support order as being subject to a subsequent pro rata reduction as each child became emancipated, and, on the basis of that construction, it concluded the defendant was not in arrears in his support payments. From this decision the plaintiff has appealed. The court further concluded that $880 were expended by the plaintiff for necessary dental work for one of the minor children and that the decree required the defendant to reimburse the plaintiff for this expenditure. The defendant has filed an appeal from this decision.

The sole issue presented by the plaintiff's appeal is whether the trial court erred in concluding that the support order allowed the defendant automatically to reduce his support payments by $25 per week as each child became emancipated.

When, as part of a divorce decree, a parent is ordered to pay a specified amount periodically for

the benefit of more than one child, the emancipation of one child does not automatically affect the liability of the parent for the full amount. *Jerry* v. *Jerry,* 235 Ark. 589, 592, 361 S.W.2d 92; *Taylor* v. *Taylor,* 147 Colo. 140, 145, 362 P.2d 1027; *Schrader* v. *Schrader,* 148 Neb. 162, 168, 26 N.W.2d 617; *Cosgriff* v. *Cosgriff,* 126 N.W.2d 131, 134 (N.D.); *Cooper* v. *Matheny,* 220 Ore. 390, 392, 393, 349 P.2d 812; *Beaird* v. *Beaird,* 380 S.W.2d 730, 732, (Tex. Civ. App.). The proper remedy, if the full amount is deemed excessive, is to seek a modification of the decree. *Schrader* v. *Schrader,* supra; *Cosgriff* v. *Cosgriff,* supra, 135; *Cooper* v. *Matheny,* supra.

The reason for considering a single amount to be paid periodically for the support of more than one child as not subject to an automatic pro rata reduction is twofold. First, a child support order is not based solely on the needs of the minor children but takes into account what the parent can afford to pay. General Statutes § 46-26; *Yates* v. *Yates,* 155 Conn. 544, 547, 235 A.2d 656. Consequently, a child support order may not accurately reflect what the children actually require but only what the parent can reasonably be expected to pay. To allow an automatic reduction of an undivided order would be to ignore the realities of such a situation. Second, to regard an undivided child support order as equally divisible among the children is to ignore the fact that the requirements of the individual children may vary widely, depending on the circumstances. *Cooper* v. *Matheny,* supra.

The court's construction of the decree, which approved the defendant's reduction of the support payments as each of the two oldest children became emancipated, was erroneous. Nowhere in the decree

is there any language which indicates that the court intended its support order to be equally divisible and automatically reduced as each child became emancipated. Unless there is a clear indication to the contrary, the support order of the court, unless modified, is intended to continue in full force until the youngest child becomes emancipated.

The defendant's appeal challenges the court's conclusion that the decree, the pertinent part of which appears in the footnote,[1] requires the defendant to reimburse the plaintiff for the amount she paid for orthodontic services rendered to one of the children. It was the claim of the defendant that the straightening of the child's teeth constituted "elective" dental treatment and that, because it was done without his prior approval, the decree does not require him to reimburse the plaintiff. The plaintiff, on the other hand, claimed that the treatment was necessary rather than elective because the condition of the child's teeth was affecting her speech and appearance. The court heard no evidence on this matter, and the defendant did not stipulate that the orthodontic work was necessary to maintain the health and well being of the child or that the condition of the child's teeth was affecting her speech and appearance. In fact, the defendant claimed that it was inadvisable for the child to have undergone the treatment.

The court stated that it felt that a person would not go to a dentist unless it was necessary. It concluded therefore that the orthodontic work was

---

[1] "15. The defendant is to pay all unusual medical and dental expenses incurred on behalf of the children, and by definition herein, 'unusual expenses' is to be deemed any expense exceeding the sum of $50. Any elective medical or dental treatment for any of said children over the sum of $50 is to be first approved by the defendant."

necessary rather than elective dental treatment and that under the decree the defendant's prior approval was not required.

We agree with the court's analysis that "elective . . . dental treatment" means treatment which is not necessary to maintain the health and well being of a child. We disagree, however, with the court's analysis that all orthodontic treatment is presumed to be necessary treatment. Whether this particular orthodontic treatment was necessary to the continued health and well being of the child depends on a number of variables. See *Ematrudo* v. *Gordon,* 100 Conn. 163, 168, 169, 123 A. 14. The record fails to disclose that the services rendered by the orthodontist did not constitute elective dental treatment, which, under the decree, required the defendant's prior approval.

There is error on both appeals, the order appealed from is set aside and the case is remanded for further proceedings in accordance with this opinion (1) to determine the amount of arrearage under the support order and (2) to determine whether or not the orthodontic work was elective dental treatment.

In this opinion the other judges concurred.