372 So.2d 270 (1979)
Marie Falks MOORE
v.
James David MOORE.
No. 51177.
Supreme Court of Mississippi.
May 23, 1979.
As Corrected On Denial Of Rehearing July 18, 1979.
Robert M. Winstead, Jackson, for appellant.
*271 Lee B. Agnew, Jr., Jackson, for appellee.
Before ROBERTSON, SUGG and LEE, JJ.
SUGG, Justice, for the Court:
Marie Falks Moore and James David Moore were divorced December 18, 1972, and entered into an agreement for Mrs. Moore to have custody of their five minor children. The agreement for support provided: "The husband shall, until this agreement is ordered to be modified by the Chancery Court of the First Judicial District of Hinds County, Mississippi, pay unto the wife as child support for the support of the said children, the total sum of $75.00 per week." The custody and support agreement was incorporated into and made a part of the final decree.
Following the rendition of the final decree, Moore paid $75 per week through the payment due April 23, 1975. From April 30, 1975 to October 21, 1976, he paid only $50 per week. Then from October 28, 1976 to November 4, 1977, he made varying payments of $25 or more, but very often he made no payments at all. Moore was delinquent for support payments in the total amount of $5100.
Petitions to cite Moore for contempt were filed by Mrs. Moore on June 2, 1976 and December 14, 1976, for the child support in arrears. No hearing was held until after a petition and writ of sequestration was filed on November 28, 1978. Mrs. Moore amended the petition for writ of sequestration to incorporate the first two contempt petitions and further prayed for legal interest and reasonable attorneys' fees. Moore answered the amendment to petition for writ of sequestration by denial of the allegations, and affirmatively alleged that he altered the child support payments in accordance with each change in circumstances, namely, when the children became independent, self-supporting or lived with him.
A decree was rendered dismissing with prejudice the petition for contempt, the petition for writ of sequestration, and the amendment to the petition for writ of sequestration. The chancellor determined that the $75 per week child support was subject to a subsequent pro-rata reduction as each child became emancipated and when a child was in the physical custody of Moore. On the basis of that determination the chancellor concluded that Moore was not in arrears in his child support payments. From this decision, Mrs. Moore has appealed, assigning the following as error:
(1) The trial court erred in failing to find Mr. Moore in contempt of court for failure to pay the agreed lump sum support amount of $75 per week.
(2) The trial court erred in failing to award judgment for the appellant in the sum of $5,100 plus interest at eight percent and attorneys' fees of $1,170.
This case presents the question of whether the emancipation of one or more of the children authorized the father to reduce the child support payments pro-rata without first securing a modification of the decree.
We find no Mississippi cases on this question but other states have decided the question. See Eaglin v. Eaglin, 306 So.2d 375 (La. App. 1974); Guthrie v. Guthrie, 429 S.W.2d 32 (Ky. 1968); Delevett v. Delevett, 156 Conn. 1, 238 A.2d 402 (1968), and cases cited in Delevett; Taylor v. Taylor, 147 Colo. 140, 362 P.2d 1027 (1961).
The above cases are persuasive and announce the following rule: when a parent is ordered to pay a specified amount periodically for the benefit of more than one child, the emancipation of one child does not automatically reduce the liability of the parent for the full amount. We adopt the rule for three reasons.
First, the allowance was $75 per week for the family group and did not provide for an allowance of $15 per week for each child. Perhaps the judgment contemplated that a base amount would be required regardless of the number of children with an undetermined amount for each child being included in the $75 weekly allowance.
Second, a child support order is not based solely on the needs of the minor children, but takes into account the ability of a parent *272 to pay child support. Consequently, a child support order may not accurately reflect the amount actually required for the support of children, but may reflect only the amount a parent can afford to pay. Allowing an automatic reduction of an undivided order would ignore the realities of such a situation.
Third, considering an undivided child support order as equally divisible among the children overlooks the possibility that the requirements of the individual children may very widely, depending on the circumstances of each child.
Mrs. Moore also contends that the chancellor erred by not allowing attorneys' fees on her contempt citation. We agree for the reasons stated in Pearson v. Hatcher, 279 So.2d 654 (Miss. 1973). In Pearson we held that default in child support payments, although not accompanied by a finding of contempt because of present inability to pay, or for other reasons, attorneys' fees are the responsibility of the person required to make the child support payments. Otherwise, the responsibility of support would be reduced by the amount the party seeking to enforce the decree would be required to pay an attorney to enforce the decree. The uncontroverted proof is that Mrs. Moore incurred attorneys' fees in the amount of $1,170. We allow this amount as attorneys' fees.
We therefore reverse the chancellor, and hold that Mr. Moore is due Mrs. Moore $5100 child support payments plus $1,170 attorneys' fees. We do not allow interest because the amount of the interest was not computed by Mrs. Moore and would involve a complicated mathematical computation which we decline to make.
The parties owned a house and lot which was sold with the net proceeds being held by the attorney for Moore, subject to the writ of sequestration. Mrs. Moore was advanced $1500 against her equity in the net proceeds. We remand for entry of a decree which shall: (1) reinstate the writ of sequestration, (2) provide for payment to Mrs. Moore of the balance of her equity in the net proceeds from the sale of the house and lot after reimbursing Moore the $1500 advanced to Mrs. Moore against her share of the net proceeds, (3) allow Mrs. Moore $5100 delinquent child support, and $1,170 attorneys' fees, and (4) provide for disbursement of the balance remaining to Moore.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.