MAVIS GILLESPIE *v.* DARYL GILLESPIE
(4653)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Submitted on briefs June 13—decision released August 5, 1986

*Vincent T. McManus, Jr.,* filed a brief for the appellant (defendant).

*Elizabeth Dee Bailey* filed a brief for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the decision of the trial court finding him in contempt and from the court's denial of his motion to modify a support order.

The defendant alleges that the trial court erred (1) when it assumed, through contempt proceedings, jurisdiction to enforce support orders for children who had already attained the age of majority, (2) in concluding that the defendant's acts in not paying support for children who reached the age of majority constituted contempt, and (3) in denying his motion to modify when the previous orders were void ab initio and when the youngest child of the marriage was effectively emancipated.

The facts pertinent to this appeal are as follows. The marriage of the parties was dissolved on May 24, 1982. The judgment of dissolution included an order that the defendant pay to the plaintiff "$75 per week for all of said minor children until the youngest living child reaches 18 years of age at which time all support shall cease." There were three minor children, issue of the marriage, at the date of the dissolution. The custody of those children was granted to the plaintiff. The judgment was rendered pursuant to an oral stipulation.

On January 7, 1983, the defendant was incarcerated for failure to appear in court, as ordered, to show cause why he should not be found in contempt for failure to make any payments to the plaintiff since the date of the decree of dissolution. On the same day, the defendant agreed to pay the sum of $3500 towards the arrearage and, in fact, did pay this sum in full by March 3, 1983.

On March 13, 1983, the oldest of the three minor children reached the age of eighteen. The defendant took no steps to reduce the $75 per week child support order for the two remaining minor children. The defendant was served with a total of six contempt citations. Each of the first five contempt proceedings concluded with the defendant's acknowledgment that he was in arrears and with his agreements to make payments toward the arrearage. The agreements were rarely kept. Further, at no time from the date of the original order, May 24, 1982, until September 11, 1985, did the defendant contest the jurisdiction of the court to render and to enforce by contempt proceeding the child support order originally rendered by the court. The defendant made no motions to modify the child support order until September 11, 1985, despite the fact that two of the children, by that date, had attained their majority, the first, as indicated above, on March 13, 1983, and the second on February 22, 1984.

On September 9, 1985, the defendant appeared in court in response to the sixth contempt citation, at which time the court found an arrearage of $3240, after which the defendant paid the plaintiff $600.

On September 16, 1985, the defendant filed, for the first time, a motion to modify the weekly child support order claiming the court lacked jurisdiction to render the original support order of May 24, 1982. The defendant also claimed that the last remaining minor child was emancipated, and that he was no longer responsible for that child's support. After a full hearing, the court denied the defendant's motion to modify the support order and found the defendant in contempt.

Each of the defendant's three claims of error is predicated on his assertion that the original order of child support was unlawful because the court was without jurisdiction to render a support order that would require the defendant to pay support for a child who had attained his or her majority. The defendant therefore asserts that any such order would be void ab initio, and, consequently, that the defendant's failure to obey such order could not constitute a contempt. We disagree.

The trial court, having the language of the order before it, and having heard arguments of counsel, rejected the defendant's interpretation of the child support order and in a well reasoned memorandum of decision expressly found that "the support order in this case is indivisible and therefore does not contemplate that support is being paid for emancipated children." We cannot say that the trial court's interpretation of the support order was clearly erroneous. The language used, "$75 per week for *all of said minor children* until the youngest living child reaches the age of 18 years . . ." (emphasis added), may be construed logically and reasonably as manifesting an intent by the parties that

the $75 weekly payment was to be indivisible, not subject to a pro rata deduction as each child attained majority and was to continue in the amount of $75 per week until terminated by the youngest child reaching eighteen years. Thus, no part of the weekly payment was for the benefit of any adult child.

Indeed, the defendant acknowledged his obligation to continue the payment at $75 through five contempt proceedings and never contested the legality of the orders until his sixth contempt citation. Unless the order provides otherwise, "[w]hen, as part of a divorce decree, a parent is ordered to pay a specified amount periodically for the benefit of more than one child, the emancipation of one child does not automatically affect the liability of the parent for the full amount." *Delevett* v. *Delevett,* 156 Conn. 1, 3–4, 238 A.2d 402 (1968). The proper remedy, if the full amount is deemed excessive, is to seek a modification of the decree. Id., 4.

In *Delevett,* as in this case, there was no language to indicate that the court intended its suppport order to be equally divisible and automatically reduced as each child became emancipated. "Unless there is a clear indication to the contrary, the support order of the court, unless modified, is intended to continue in full force until the youngest child becomes emancipated." Id., 5.

"The reason for considering a single amount to be paid periodically for the support of more than one child as not subject to an automatic pro rata reduction is twofold. First, a child support order is not based solely on the needs of the minor children but takes into account what the parent can afford to pay. . . . Consequently, a child support order may not accurately reflect what the children actually require but only what the parent can reasonably be expected to pay. To allow an automatic reduction of an undivided order would be to ignore the realities of such a situation. Second, to

regard an undivided child support order as equally divisible among the children is to ignore the fact that the requirements of the individual children may vary widely, depending on the circumstances." (Citations omitted.) Id., 4. We agree with this reasoning and fully adhere to the principles enunciated therein.

Despite the defendant's contention to the contrary, the language of the order limits the obligation of the defendant to pay child support only for the minor children and does not state that the defendant is liable for post-majority support. This case is outside the ambit of those cases holding that a court has no jurisdiction to enforce post-majority support orders. See *Kennedy* v. *Kennedy,* 177 Conn. 47, 52, 411 A.2d 25 (1979); *Sillman* v. *Sillman,* 168 Conn. 144, 148, 358 A.2d 150 (1975).

Finally, the trial court's conclusion that the youngest minor child was not emancipated, was a question of fact to be resolved by the trial court. Its conclusion is not clearly erroneous. We will not retry this issue. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 325 A.2d 24 (1980).

There is no error.

In this opinion the other judges concurred.