[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de: DEFENDANT'S NOTION TO DISMISS (#239 AND DEFENDANT'S MOTION TO VACATE (#237)
CT Page 6549
The defendant, Michael Close, has filed a motion (# 237) to vacate and a motion (# 239) to dismiss a number of motions for contempt filed by the plaintiff, Catherine Y. Close, based on a lack of subject matter jurisdiction.
This matter dates back to July of 1994. At that time, the court (Moran, J.) entered an order awarding the plaintiff support in the amount of "$1500 per month for both children." the court also awarded alimony totaling $7000 per month. In November of 1995, the parties' older child, Christina, reached majority. The parties' younger child, Karen, is still a minor.
On May 5, 1997, on the plaintiff's motion, the court (Kavenewsky, J.) found the defendant to be in contempt of a court order and determined lump sum combined alimony and support arrearage to total approximately $100,000. Several motions for contempt followed that May 5, 1997 order.
The defendant now requests that the court vacate its findings of support and alimony arrearage because the total arrearage amount includes support for a post-majority child. According to the defendant, the court lacks subject matter jurisdiction to enforce the original support order because Christina has turned 18.
The defendant's argument incorrectly assumes that the original order for support, in the amount of $1500 per month, was intended to be automatically reduced when one of the children reached majority. "Unless the order provides otherwise, [w]hen, as part of a divorce decree, a parent is ordered to pay a specified amount periodically for the benefit of more than one child, the emancipation of one child does not automatically affect the liability of the parent for the full amount. . . . The proper remedy, if the full amount is deemed excessive, is to seek a modification of the decree. . . ." (Citation omitted; internal quotation marks omitted.) Glllespiev. Gillespie, 8 Conn. App. 382, 386, 512 A.2d 238 (1986).
This court agrees, that had a previous court truly ordered post-majority support, without a writing by the parties, such an order would be void for lack of jurisdiction. See Miner v. Miner,48 Conn. App. 409,___ A.2d ___ (1998). In the present case, CT Page 6550 however, the courts which entertained the various contempt motions had jurisdiction to enforce the original $1500 support order because there still existed a minor child entitled to support.
It is unfortunate that the defendant did not file a motion to modify child support when his daughter reached majority. Nevertheless, the Gillespie court makes clear that a support order for multiple children is not automatically reduced upon one child reaching majority. Therefore, the court finds that it has, and always had jurisdiction to enforce the $1500 per month order as it applies to the minor daughter. The defendant's motion to dismiss and the defendant's motion to vacate, therefore, are denied.
So Ordered.
HARRIGAN, J