[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on a motion to modify child support dated January 15, 2002, filed by the defendant's attorney. The motion to modify child support was presented before Judge Leheny, who accepted and granted the agreement of the parties as to the modified child support amount. Said stipulated agreement is dated March 11, 2002, and signed by the parties and counsel of record. Judge Leheny ordered the family support magistrate to determine the arrearage amount on March 18, 2002. The case was presented before this court on March 18, 2002, and the parties argued retroactivity on said date.
On June 1, 2000, the court, Leheny, J., entered an order dissolving the parties' marriage, and incorporated by reference, in accordance with General Statutes § 46b-66, the provisions of the agreement of the parties dated June 1, 2000. Said agreement orders the defendant husband to pay the sum of $155 per week child support for the support of two minor children. Paragraph 4.1(b) of the agreement provides that the periodic child support payments set forth in. subparagraph 5(a) shall terminate upon the first to occur of any of the following events:
(1) The death of the husband; or
(2) The death of the wife; or
(3) The death of the minor children; or
(4) The emancipation of the minor children.
This matter concerns itself with the emancipation of the minor child.
The defendant, through counsel, argued that the motion for modification should be made retroactive to the date of the emancipation of the child, which in this matter is Travis Labrie, born January 2, 1983. The defendant's counsel argued that the modified child support order of $116 per week, entered on March 11, 2002, should be retroactive to January 2, 2002, the date of emancipation, or in this matter, the date the child turned nineteen years of age.
The plaintiff mother, argued against any retroactivity of this order, asking the court to enforce the $155 per week child support award through March 11, 2002, the date the modification was granted in court.
A discussion of the relevant case law can clearly assist regarding the issue of retroactivity of a child support order. "An order of the court must be obeyed until it has been modified or successfully challenged. . . ." (Citations omitted; internal quotation marks omitted.) Eldridge v.Eldridge, 244 Conn. 523, 530, 710 A.2d 757 (1998). When a support order CT Page 6978 provides for unallocated child support for more than one child, the child support amount is not automatically subject to a pro rata reduction when one of the children reaches majority or otherwise emancipates. Delevettv. Delevett, 156 Conn. 1, 3-5, 238 A.2d 402 (1968) (holding that the trial court erred in approving "the defendant's [unilateral] reduction of the support payment, as each of the two oldest children became emancipated" because there was no language in the order stating that the support order is to be "equally divisible and automatically reduced as each child [becomes] emancipated"); Gillespie v. Gillespie,8 Conn. App. 382, 387, 512 A.2d 238 (1986) (agreeing with the "reasoning and fully [adhering] to the principles enunciated [in Delevett]"). The obligor, therefore, remains liable for the full amount of the order for the support of the remaining minor child(ren). Delevett v. Delevett, supra, 3-5; Gillespie v. Gillespie, supra, 386. The reason for considering a single amount to be paid periodically for the support of more than one child and not subject to an automatic pro rate reduction is twofold. Delevett v. Delevett, supra, 4. "First, a child support order is not based solely on the needs of the minor children but takes into account what [each] parent can afford to pay. . . . Consequently, a child support order may not accurately reflect what the children actually require but only what the parent can reasonably be expected to pay. To allow an automatic reduction of an undivided order would be to ignore the realities of such a situation. Second, to regard an undivided child support order as equally divisible among the children is to ignore the fact that the requirements of the individual children may vary widely, depending on the circumstances." Id. If the obligor feels that the child support amount is excessive for the remaining minor child(ren), then the proper remedy is to file a motion to modify. Gillespie v. Gillespie, supra, 386.
In the case before the court, the defendant unilaterally reduced his child support order when his son turned nineteen years of age, a condition enumerated in the divorce agreement providing for the termination of child support. Consistent with the case law, the defendant is not entitled to reduce his child support obligation by fifty percent, or by any amount for that matter, unless or until a motion for modification is properly filed, served and granted by the court. Eldridgev. Eldridge, supra, 244 Conn. 530. When a child support order is set, there are numerous factors considered, including the parties income. The mere fact that one child has emancipated, when an order for child support is unallocated, does not entitle the obligor to an automatic reduction in the support obligation. Delevett v. Delevett, supra, 3-5. The proper remedy is a motion to modify. Eldridge v. Eldridge, supra, 530.
Ordinarily, "[r]etroactive modifications of support orders are . . . impermissible." Favrow v. Vargas, 231 Conn. 1, 40-41, 647 A.2d 731
CT Page 6979 (1994). See also Diamond v. Diamond, 32 Conn. App. 733, 741, 631 A.2d 1157
(1993). As with all other motions to modify, any modification of the child support amount will be retroactive to the date that the motion was served, not the date that the child reached majority or emancipated. General Statutes § 46b-86 (a).
General Statutes § 46b-86 (a) provides: "No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50."
General Statutes § 52-50 sets the condition as to limit retroactivity, whereby, it is available only if the motion is served by "a state marshal, a constable or other proper officer authorized by statute. . . ." General Statutes § 52-50 (a). If a party fails to comply with the statutory requirements of §§ 46b-86 and 52-50, which require that motions for retroactive modifications be served on the opposing party by a marshal or other proper officer, the court has no authority to make any order retroactive, in order to protect the due process rights of the nonmoving party. Shedrick v. Shedrick,32 Conn. App. 147, 151-52, 627 A.2d 1387 (1993) (holding that mailing a copy of the motion to modify to the nonmovant does not comply with requirements set forth in § 52-50).
In the case before the court, the motion for modification dated January 15, 2002, was served upon the plaintiff, Julie Labrie, by a state marshal on February 21, 2002. Consistent with case law and statutory requirements, it is the finding of this court that the motion for modification should be retroactive to the date of service, and the arrears order should be adjusted to reflect weekly child support obligation of $155 through February 21, 2002.
BY THE COURT
SUSAN D. BARAN Family Support Magistrate