[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A dissolution of marriage of the parties was entered in this matter on February 22, 1988. The orders included the defendant husband to pay the plaintiff wife child support in the amount of $50 per week, per child for the support of two minor children.
On May 11, 1989, the defendant, through counsel, filed a Motion for Modification. The parties executed a stipulated agreement prepared by defendant's attorney dated July 3, 1989, which stated in part "that the defendant's support obligation of $100 per week shall be modified downward to ninety $90 per week" (See Exhibit 1). CT Page 7201
The defendant subsequently filed another Motion to Modify dated November 25, 1991, (See Exhibit 2). The motion recites a child support obligation of $90 per week. The parties then executed another stipulation dated December 30, 1991, (See Exhibit 3), which references the defendant's child support as being" $90 per week unallocated, for the support of his two minor children
On March 11, 2002, the parties appeared before this court on a contempt petition. The Court, Magisrate Baran, ordered the defendant to pay the current weekly order of $90 per week and, ordered a transcript of the court proceedings of July 3, 1989, at the defendant's attorney's request before addressing the defendant's Motion for Articulation dated March 12, 2002. Counsel, in his motion, requested the court to articulate the order of July 3, 1989. The defendant apparently has interpreted the signed agreement of July 3, 1989, as an allocated order and has been paying a reduced child support obligation of $45 per week since his oldest child, Crystal Santoro, turned eighteen on May 14, 2001.
This court must now determine the correct child support obligation, as the transcript is not available.
A discussion of the relevant case law can clearly assist regarding the issue of allocated child support orders. "An order of the court must be obeyed until it has been modified or successfully challenged. . . ." (Citations omitted, internal quotation marks omitted.) Eldridge v.Eldridge, 244 Conn. 523, 530, 710 A.2d 757 (1998). When a support order provides for unallocated child support for more than one child, the child support amount is not automatically subject to a pro rata reduction when one of the children reaches majority or otherwise emancipates. Delevettv. Delevett, 156 Conn. 1, 3-5, 238 A.2d 402 (1968) (holding that the trial court erred in approving "the defendant's [unilateral] reduction of the support payment, as each of the two oldest children became emancipated" because there was no language in the order stating that the support order is to be equally divisible and automatically reduced as each child [becomes] emancipated"); Gillespie v. Gillespie,8 Conn. App. 382, 387, 512 A.2d 238 (1986) (agreeing with the "reasoning and fully [adhering] to the principles enunciated [in Delevett]"). The obligor, therefore, remains liable for the full amount of the order for the support of the remaining minor child (ren). Delevett v. Delevett,
supra, 3-5, Gillespie v. Gillespie, supra, 386. The reason for considering a single amount to be paid periodically for the support of more than one child and not subject to an automatic pro rata reduction is twofold. Delevett v. Delevett, supra, 4. "First, a child support order is not based solely on the needs of the minor children but takes into account what [each] parent can afford to pay. . . Consequently, a child support order may not accurately reflect what the children actually CT Page 7202 require but only what the parent can reasonably be expected to pay. To allow an automatic reduction of an undivided order would be to ignore the realities of such a situation. Second, to regard an undivided child support order as equally divisible among the children is to ignore the fact that the requirements of the individual children may vary widely, depending on the circumstances." Id. If the obligor feels that the child support amount is excessive for the remaining minor child(ren), then the proper remedy is to file a motion to modify. Gillespie v. Gillespie,
supra, 386.
In the case before the court, the defendant unilaterally reduced his child support order when his daughter turned 18 years of age. Consistent with the case law, the defendant is not entitled to reduce his child support obligation by fifty percent, or by any amount for that matter, unless or until a motion for modification is filed, properly served and granted by the court. Eldridge v. Eldridge, supra, 244 Conn. 530. When a child support order is set, there are numerous factors considered, including the parties income. The mere fact that one child has emancipated, when an order for child support is unallocated, does not entitle the obligor to an automatic reduction in the support obligation.Delevett v. Delevett, supra, 3-5. The proper remedy is a motion to modify. Eldridge v. Eldridge, supra, 530.
After careful review of the file it is clear to this court that the defendant's current child support obligation is $90 per week. The stipulation of July 3, 1989, specifically recites this fact. There is no mention of two children, nor is there any mention of the order being allocated. Furthermore, the stipulation filed subsequently, specifically references a $90 per week unallocated order. The proper vehicle for a reduction of any unallocated child support obligation is a Motion for Modification. The defendant is under a continuing obligation of $90 per week and the arrears should be reflective of said order.
BY THE COURT
SUSAN D. BARAN Family Support Magistrate
 Exhibit 1
FA-87-0082133-S : Superior Court
JOSH SANTORO : J.D. WATERBURY
VS. : AT WATERBURY CT Page 7203
JOSEPH SANTORO : MAY 11, 1989
 MOTION FOR MODIFICATION OF JUDGMENT
The undersigned respectfully represents
1. On February 22, 1988 judgment for dissolution of marriage of the parties was entered in the above entitled action.
2. By the terms of the judgment the husband was ordered to pay the wife the sum of $1.00 per year alimony, and $50.00 per week for the support of each of the minor children of the parties.
3. When the judgment and the orders were entered, the husband was employed as an auto body worker and his income was approximately $130.00 a week, but since that date he has lost that position and begun to work at UTITEC, Inc. and earns substantially less each week.
4. The amount which the husband was ordered to pay for the alimony and support represents an unreasonable portion of his income.
5. Since the judgment was entered, the wife has become employed and now has a substantial income.
6. The Defendant husband states that there is a substantial change in circumstances between the parties.
Wherefore, the undersigned respectfully requests that the judgment be modified in respect to the orders for the payment of child support.
 DEFENDANT By Paul Bialobrzeski
 CERTIFICATION
I hereby certify that a copy of the foregoing was mailed to all counsel and pro se parties of record on May 11, 1989.
Paul Bialobrzeski
 ORDER
The foregoing having been heard, it. is hereby ordered:
 GRANTED/DENIED. CT Page 7204
By the Court Santos, J.
See Stipulated Agreement dated 7/3/89
DEFENDANT: Joseph Santoro DATE: July 3, 1989
 STIPULATED AGREEMENT — FAMILY
THE PARTIES DO HEREBY AGREE
That the defendant's support obligation of one hundred ($100.00) Dollars per week shall be modified downward to ninety ($90.00) Dollars per week.
The order will take effect as of today July 3, 1989. Until the modification is reflected in the Defendant's pay check all payments made over niney ($90.00) Dollars will be applied to the arrearage.
 Exhibit 2
NO. 82133 SUPERIOR COURT
ZOSH SANTORO J. D. OF WATERBURY
VS. AT WATERBURY
JOSEPH SANTORO NOVEMBER 25, 1991
 MOTION TO MODIFY
The undersigned hereby moves for a modification of the child support order of $90.00 a week dated May 31, 1991, for the following reasons:
1. The defendant is unemployed and unable to find work since losing his job on March 30, 1990, as a result of a motor vehicle accident on March 30, 1990.
2. The defendant has no income and no assets other than a car with an approximate value of $500.00.
3. The defendant has medical bills in the approximate amount of $58,898.19.
4. The defendant has other debts in the approximate amount of $22,000.00. Said debts were incurred to pay for living expenses since CT Page 7205 March, 1990, and child support orders.
5. The defendant has exhausted all sources of borrowing.
Oral argument requested; Testimony not required.
WHEREFORE, the defendant respectfully requests a temporary suspension or reduction in support payments and medical payments.
DEFENDANT, Joseph Santoro
 By DAVID J. S SULLY FOR KERNAN HENRY
 ORDER
The foregoing having been presented to this Court and for good cause shown, the same is hereby ORDERED: Granted/denied
See Stipulation BY THE COURT
Goffrey, J.
 CERTIFICATION
I hereby certify that a true copy of the foregoing was mailed, postage prepaid, on 11/25/91 to all counsel of record.
David J. Scully
 Exhibit 3
NO. 82133 SUPERIOR COURT
ZOSH SANTORO J. D. OF WATERBURY
VS. AT WATERBURY
JOSEPH SANTORO DECEMBER 30, 1991
 STIPULATION
The undersigned parties hereby agree as follows:
1. The defendant Joseph Santoro is presently under a Court order to pay CT Page 7206 the sum of $90.00/week unallocated support for his 2 minor children.
2. By prior agreement of the undersigned parties, any arrearage and unpaid medical bills due as of November 25, 1991, are to be paid out of the proceeds of the defendant's underinsured personal injury arbitration to the extent said sums are available. (See attached letter of protection).
3. The defendant filed a motion to modify child support on November 25, 1991.
4. Based on the representations set forth in the aforesaid motion to modify, the parties hereby agree that the defendant Joseph Santoro shall make current payments of $50.00/week in unallocated child support from November 25, 1991 with the remaining $40.00/week being due and payable from the proceeds of the underinsured personal injury arbitration to the extent said sums are available as set forth in the attached letter of protection.
5. This agreement shall remain in full force and effect until the above-referenced personal injury action is resolved and/or the defendant obtains employment which allows the defendant to make $90.00/week payments. Either party shall have a right to move to modify and or rescind this agreement at any time after March 1, 1992.
6. The parties further agree that to the extent the defendant remains current with the $50.00/week current payment the motion for contempt scheduled for January 21, 1992, will be continued to Monday, March 2, 1992 to moniter payments. If Mr. Santoro is current on March 2, 19921, the matter, may go off.
 DEFENDANT, Joseph Santoro
 PLAINTIFF, Zosh Santoro Flammia
 Support Enforcement Officer Joseph Pistritto