# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CT-00173-SCT

*DEVEAUX CARTER*

*v.*

*ALLEN DAVIS*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 10/28/2014 |
| TRIAL JUDGE: | HON. G. CHARLES BORDIS, IV |
| TRIAL COURT ATTORNEYS: | DAVID C. FRAZIER |
| | WENDY WALKER BORRIES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WENDY WALKER BORRIES |
| ATTORNEY FOR APPELLEE: | DAVID C. FRAZIER |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART.  THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS REINSTATED AND AFFIRMED - 01/25/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.    Twenty years after their divorce, Deveaux Carter filed for contempt against her ex-husband, Allen Davis, for failing to pay child support and for their daughters' medical, college, and other expenses.

¶2. After a hearing, the chancellor calculated Davis's total financial obligations under the divorce decree to be significant—$201,187.66. But the chancellor also found Davis and his mother had made substantial contributions directly to the children. His mother also made payments to Carter. The chancellor credited these contributions—totaling $197,911—toward Davis's obligations. The chancellor then ordered Davis to pay the difference—$3,276.66. Citing these credits, the chancellor did not find Davis in willful contempt. But the chancellor awarded Carter $7,500 in attorney's fees. He did so because Carter had to file suit to enforce the support order, with which Davis concedes he had not fully complied.

¶3. Both parties appealed. We assigned this case to the Court of Appeals, which affirmed the chancellor's decision to deem Davis's mother's payments and Davis's direct payments as paid child support. *Carter v. Davis*, 2015-CA-00173-COA, 2017 WL 1238134, at **2-3 (¶¶11-14) (Miss. Ct. App. April 4, 2017). But the appellate court reversed the attorney's fee award, based on the lack of a finding of willful contempt. *Id.* at *3 (¶15).

¶4. We granted certiorari to address the attorney's fees issue only.[1] After review, we reverse the Court of Appeals' decision regarding the attorney's fees award.

¶5. The chancellor did not have to find Davis in willful contempt to award her attorney's fees. Instead, we have long held that, when there has been a default in child support, the

---

[1] Under Mississippi Rule of Appellate Procedure 17(h), we many limit the question on certiorari review. And, here, we find no reason to readdress the child-support-credit issue. The Court of Appeals applied the proper standard of review and controlling caselaw to conclude the chancery court did not abuse its discretion in crediting direct payments by Davis and further payments by his mother toward Davis's child-support obligations. *See* *Carter*, 2017 WL 1238134, at **2-3 (¶¶ 11-14).

party seeking to enforce the decree is entitled to attorney's fees, even when nonpayment was not due to willful contempt. *Mizell v. Mizell*, 708 So. 2d 55, 65 (Miss. 1998); *Moore v. Moore*, 372 So. 2d 270, 272 (Miss. 1979), *overruled on other grounds by Dep't of Human Servs., State of Miss. v. Fillingane*, 761 So. 2d 869, 871 (Miss. 2000); *Pearson v. Hatcher*, 279 So. 2d 654, 656 (Miss. 1973). "Otherwise, the responsibility of support would be reduced by the amount the party seeking to enforce the decree would be required to pay an attorney to enforce the decree." *Moore*, 372 So. 2d at 272 (citing *Pearson*, 279 So. 2d at 656).

¶6.     In reversing and rendering the attorney's fees award based on no willful contempt, the Court of Appeals cited *McKnight v. Jenkins*, 155 So. 3d 730, 732 (Miss. 2013). But in that case, we found not only was there no willful contempt by the ex-wife who refused to pay a medical bill, we also found there was *no obligation* under the support order to pay the bill, which was really a litigation expense and not her child's medical expense. *Id.* And we reversed both the underlying award and the attorney's fees award connected to it. *Id.*

¶7.     Here, by contrast, the chancellor found Davis had significant financial obligations under the divorce judgment. Though the chancellor credited Davis for his and his mother's direct payments, the chancellor still found Davis had failed to comply fully with the terms of the judgment. As the chancellor noted in his order, Davis acknowledged the arrearage. And this arrearage required Carter to initiate this action. Therefore, the chancellor rightly recognized that Carter—just like the ex-wives in *Mizell*, *Moore*, and *Pearson*—was entitled to attorney's fees, even though the chancellor did not find Davis in willful contempt based

3

on the credits. *See Mizell*, 708 So. 2d at 65; *Moore*, 372 So. 2d at 272; *Pearson*, 279 So. 2d at 656.

¶8.     After finding attorney's fees were appropriate, the chancellor then determined $7,500 to be a reasonable amount—a decision that fell within his "sound discretion." *Mizell*, 708 So. 2d at 65. Because the chancellor supported his decision with record evidence, we find no abuse in his awarding Carter $7,500 in attorney's fees. *See id.* ("We are reluctant to disturb a chancellor's discretionary determination whether or not to award attorney fees and of the amount of any award.").

¶9.     For these reasons, while we affirm the Court of Appeals' judgment on the child-support-credit issues, we reverse its decision to reverse and render the attorney's fee award. We reinstate and affirm the judgment of the chancery court, which awarded Carter $3,276.66 in past-due child support and $7,500 in attorney's fees.

¶10.    **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS REINSTATED AND AFFIRMED.**

        **WALLER, C.J., KITCHENS, P.J., KING, COLEMAN, BEAM AND CHAMBERLIN, JJ., CONCUR. RANDOLPH, P.J., AND ISHEE, J., NOT PARTICIPATING.**

4