# DAVID S. SUTHERLAND *v.* PAMELA A. SUTHERLAND
## (AC 27858)

Flynn, C. J., and Bishop and DiPentima, Js.

Argued September 24, 2007—officially released April 15, 2008

*Marianne J. Charles*, for the appellant (plaintiff).

*Howard J. Wicker*, for the appellee (defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, David S. Sutherland, appeals from the judgment of the trial court affirming the decision of the family support magistrate denying the plaintiff's motion for postjudgment modification of child support.[1] The plaintiff claims that the magistrate improperly concluded that the parties' separation agreement precluded the court from modifying its child

---

[1] Although the court characterized its decision as a dismissal of the plaintiff's appeal, the court's memorandum of decision addresses the merits of the plaintiff's claims and not the jurisdiction of the court. Accordingly, we review the plaintiff's claims as though the court had jurisdiction and affirmed the decision of the magistrate pursuant to General Statutes § 46b-231 (n) (7). See *Bee* v. *Bee*, 79 Conn. App. 783, 798–99, 831 A.2d 833 (construction of judgment is question of law for court and determinative factor is intention of court as gathered from all parts of judgment), cert. denied, 266 Conn. 932, 837 A.2d 805 (2003).

support order. We agree with the plaintiff and reverse the judgment of the trial court.

The parties' marriage was dissolved on January 26, 2000. On that date, the court approved a separation agreement between the parties and incorporated the terms of the separation agreement into the judgment. At the time of the dissolution, the parties had two minor children, born February 16, 1986, and March 6, 1988. Pursuant to the terms of the agreement, the plaintiff was obligated to pay the defendant, Pamela A. Sutherland, "child support of $500.00 every two weeks (per pay check), payable bi-weekly by automatic electronic transfer from [the plaintiff's] bank account to [the defendant's] bank account . . . . The foregoing sums shall be payable until the death, marriage, emancipation or [eighteenth] birthday of the youngest child or until the death of the [plaintiff], whichever first occurs. Notwithstanding the foregoing, the [plaintiff] shall continue to pay the [defendant] support for the youngest child past her [eighteenth] birthday in the event the child is attending high school, until the child completes high school, or until the child turns [nineteen] years of age, whichever comes first. The [plaintiff] shall not take any deductions from this amount for any reason." The agreement contained no mechanism for dividing the $500 support amount between the children once the elder child reached majority.

On October 20, 2004, the plaintiff filed a motion for postjudgment modification of child support, alleging a substantial change in the circumstances of the parties, namely, that the elder child had reached the age of eighteen and had graduated from high school, and that the defendant's earnings had increased substantially since the date of the dissolution. After a hearing, the family support magistrate denied the plaintiff's motion without addressing the merits of his claim. In his revised

memorandum of decision,[2] the magistrate found that the plaintiff was not entitled to seek a modification of the support order because the parties' separation agreement contemplated postmajority support for both children; the plaintiff's motion sought the modification of postmajority support for the elder child; and pursuant to General Statutes § 46b-66, the support provision in the separation agreement was not modifiable by the court, notwithstanding any changes in the circumstances of the parties. On appeal pursuant to General Statutes § 46b-231 (n), the trial court concluded that "the magistrate's decision was merited and supported by fact and law," and affirmed the decision of the magistrate. This appeal followed.

The plaintiff claims on appeal that the magistrate made improper findings of fact and conclusions of law. Specifically, the plaintiff claims that the magistrate improperly (1) interpreted the child support provision of the parties' separation agreement as a postmajority support order and (2) concluded that pursuant to statute, the terms of the agreement precluded modification of the child support provision, notwithstanding any changes in the circumstances of the parties. The defendant argues that the support provision clearly and unambiguously contemplates postmajority support of both children, and pursuant to statute, that provision is not modifiable by the court absent a written agreement between the parties.[3] We agree with the plaintiff.

Resolution of the plaintiff's claims requires us to review both the court's interpretation of multiple statutory provisions as well as its interpretation of the parties' separation agreement. "Issues of statutory

[2] The magistrate issued his original memorandum of decision on April 29, 2005. He issued a revised memorandum of decision on September 22, 2005, after the trial court remanded the matter.

[3] Specifically, the defendant claims that postmajority support of the elder child is contemplated by the language in the support provision that provides: "The foregoing sums shall be payable until the death, marriage, emancipation or [eighteenth] birthday of the youngest child or until the death of the [plaintiff], whichever first occurs."

construction raise questions of law, over which we exercise plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, *including the question of whether the language does so apply.* . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Emphasis added; internal quotation marks omitted.) *Pritchard* v. *Pritchard,* 103 Conn. App. 276, 283, 928 A.2d 566 (2007).

With respect to the separation agreement, "[i]t is familiar law that a marital dissolution agreement is a contract. . . . Thus, in reviewing it, we are guided by the law that the interpretation of a contract may either be a question of law or fact, depending on whether the language of the contract is clear and unambiguous. . . . When the language of the agreement is clear and unambiguous, its meaning is a question of law subject to plenary review." (Citation omitted; internal quotation marks omitted.) *Histen* v. *Histen,* 98 Conn. App. 729, 732–33, 911 A.2d 348 (2006).

"[A] contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning

and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) Id., 734.

I

The plaintiff first claims that the magistrate improperly interpreted the child support provision of the parties' separation agreement as a postmajority support order. We agree.

"It is now axiomatic that support for a minor child extends to age eighteen years only . . . ." (Internal quotation marks omitted.) *Lowe* v. *Lowe*, 47 Conn. App. 354, 357, 704 A.2d 236 (1997). General Statutes § 46b-66,[4] however, provides the court with the power to enter a postmajority support order "only if there is an agreement to do so and if it is in writing. . . . Absent . . . a written agreement by the parties, the court does not have jurisdiction to order payment of child support beyond the age of majority and may not enforce such an order." (Citations omitted; internal quotation marks omitted.) *Lowe* v. *Lowe*, supra, 357. Thus, we must examine the parties' separation agreement to determine whether it included a provision for the postmajority support of the elder child.[5] We conclude that the parties,

---

[4] General Statutes § 46b-66 (a) provides in relevant part: "In any case under this chapter where the parties have submitted to the court an agreement . . . [i]f the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court. . . . If the agreement is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree, notwithstanding the provisions of section 1-1d."

[5] It is undisputed that at the time the dissolution court rendered its judgment incorporating the parties' agreement, neither of the parties' two children had reached the age of majority. Thus, the clear and unambiguous language of the agreement called for the support of two minor children, at least until the elder child became eighteen.

by the language used in their agreement, did not intend to provide for the postmajority support of either child pursuant to § 46b-66.[6]

General Statutes § 46b-84 (a) requires the parents of minor children, upon the dissolution of their marriage, to maintain the children according to their respective abilities.[7] Where the parties have more than one child, our legislature has established a policy encouraging undivided child support orders for the benefit of all children. The legislature established the commission for child support guidelines (commission) to promulgate regulations to guide a court's award of child support. General Statutes § 46b-215a. The guidelines provide for the calculation of current support as a single dollar amount for the support of all children rather than as a per child amount that is multiplied by the number of children being supported. See generally Regs., Conn. State Agencies § 46b-215a-1 et seq.[8]

---

[6] We note that the agreement provides for "support for the [younger] child past her [eighteenth] birthday in the event the child is attending high school, until the child completes high school, or until the child turns [nineteen] years of age, whichever comes first." Although this provision may be characterized as postmajority support; see *Hughes* v. *Hughes*, 95 Conn. App. 200, 208 n.3, 895 A.2d 274, cert. denied, 280 Conn. 902, 907 A.2d 90 (2006); this language merely provides for the support mandated by General Statutes § 46b-84 (b). Therefore, it does not serve as a basis for a conclusion that the parties clearly and unambiguously intended § 46b-66 to govern any part of the child support provision.

General Statutes § 46b-84 (b) provides in relevant part: "If there is an unmarried child of the marriage who has attained the age of eighteen, is a full-time high school student and resides with a parent, the parents shall maintain the child according to their respective abilities if the child is in need of maintenance until such time as such child completes the twelfth grade or attains the age of nineteen, whichever first occurs. . . ."

[7] General Statutes § 46b-84 (a) provides in relevant part: "Upon or subsequent to the annulment or dissolution of any marriage or the entry of a decree of legal separation or divorce, the parents of a minor child of the marriage, shall maintain the child according to their respective abilities, if the child is in need of maintenance. . . ."

[8] The preamble to the child support and arrearage guidelines, which the commission publishes in conjunction with the guidelines, explains: "In general, the economic studies have found that . . . a diminishing portion of

As we previously have observed, "to regard an undivided child support order as equally divisible among the children is to ignore the fact that the requirements of the individual children may vary widely, depending on the circumstances." (Internal quotation marks omitted.) *Gillespie* v. *Gillespie*, 8 Conn. App. 382, 386–87, 512 A.2d 238 (1986).[9] Likewise, a support order that is not divided among several children and that does not provide for an automatic reduction as each child reaches the age of majority does not necessarily contemplate postmajority support of adult children. See *Hughes* v. *Hughes*, 95 Conn. App. 200, 209, 895 A.2d 274, cert. denied, 280 Conn. 902, 907 A.2d 90 (2006).

We conclude that by crafting a child support order that provided a single dollar amount for the support of all children, and did not provide a mechanism for dividing the support between the children once the elder

family income is spent on each additional child. . . . [This] observation apparently results from two factors. The first is economy of scale. That is, as more children are added to a family, sharing of household items is increased, and fewer of those items must be purchased. The second is a reallocation of expenditures. That is, as additional children are added, each family member's share of expenditures decreases to provide for the needs of the additional members." Child Support and Arrearage Guidelines, preamble, iii.

[9] The child support provision underlying the dispute in *Gillespie* was strikingly similar to the disputed provision in this case. That provision provided for "$75 per week for all of said minor children until the youngest living child reaches the age of 18 years . . . ." (Internal quotation marks omitted.) *Gillespie* v. *Gillespie*, supra, 8 Conn. App. 385–86. We observed that the court properly found an arrearage after the older children reached the age of majority because "[t]he language used . . . may be construed logically and reasonably as manifesting an intent by the parties that the $75 weekly payment was to be indivisible, not subject to a pro rata deduction as each child attained majority and was to continue in the amount of $75 per week until terminated by the youngest child reaching eighteen years. Thus, no part of the weekly payment was for the benefit of any adult child." Id. Further, although the emancipation of one child does not *automatically* affect the liability of a parent for the full amount in support of the remaining minor children, a parent may obtain relief by seeking a modification of the decree if the full amount is deemed excessive. Id., 386.

child reached the age of majority, the parties clearly and unambiguously provided only for the support of minor children, as required by § 46b-84 (a), and did not enter into an agreement for postmajority support.[10] Accordingly, at the time it rendered judgment, the dissolution court did not enter a postmajority support order pursuant to § 46b-66.

## II

Having determined that the agreement did not provide for postmajority support, we now address whether the judgment nevertheless precluded the court from modifying the child support order. Pursuant to General Statutes § 46b-86 (a), a child support order is modifiable at any time upon a showing of a substantial change in the circumstances of either party or upon a showing that the support order substantially deviates from the child support guidelines established pursuant to statute, "[u]nless and to the extent that the decree precludes modification . . . ."[11] Our Supreme Court has held that

[10] Although we conclude that the parties' agreement is unambiguous, we point out that at that time it rendered judgment, the dissolution court made a finding "that the child support guidelines have been respected and that the [child support] figure is, in fact, on the guidelines." "A judge in a dissolution proceeding performs a much greater role than that of a mere ministerial functionary. Under our statutes, a court has an affirmative obligation, in divorce proceedings, to determine whether a settlement agreement is fair and equitable under all the circumstances. . . . The presiding judge has the obligation to conduct a searching inquiry to make sure that the settlement agreement is substantively fair and has been knowingly negotiated." (Citation omitted; internal quotation marks omitted.) *Mitchell* v. *Mitchell*, 194 Conn. 312, 323, 481 A.2d 31 (1984). Neither party alerted the court that they were seeking a postmajority support order pursuant to § 46b-66 and that the guidelines did not apply to the court's assessment of the agreement's equity and fairness. We conclude, therefore, that, even if we assume that the child support provision of the separation agreement contained an ambiguity, the magistrate's finding that the separation agreement contemplated postmajority support for both children was clearly erroneous. See *Histen* v. *Histen*, supra, 98 Conn. App. 732–33.

[11] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification . . . any final order for the periodic payment of permanent alimony or support . . . may at any

10

"[e]ven if preclusive language exists, however, because of inequities between the parties that may be inherent in the bargaining process of support agreements, and because of the volatile nature of respective personal circumstances, it has been recognized judicially that [p]rovisions which preclude modification of alimony [or support] tend to be disfavored. . . . For example, support orders can be modified in spite of preclusion provisions *when those provisions are ambiguous . . .* and when the rights of interested parties are not protected adequately by the separation agreement." (Citations omitted; emphasis added; internal quotation marks omitted.) *Amodio* v. *Amodio,* 247 Conn. 724, 730, 724 A.2d 1084 (1999); see also *Guille* v. *Guille,* 196 Conn. 260, 267–68, 492 A.2d 175 (1985) (minor child's right to parental support has independent character, separate and apart from terms of support obligations as set out in judgment of dissolution, and court was without power to enter order that would permanently restrict unrepresented children's rights). "If an award is intended to be nonmodifiable, it must contain express language to that effect. . . . There is no given set of words that must be used to preclude modification; an order is nonmodifiable if the decree distinctly and unambiguously expresses that it is." (Citation omitted.) *Sheehan* v. *Balasic,* 46 Conn. App. 327, 332, 699 A.2d 1036 (1997), appeal dismissed, 245 Conn. 148, 710 A.2d 770 (1998).

The plaintiff argues that the separation agreement, as incorporated into the judgment, does not clearly and unambiguously preclude modification of child support pursuant to § 46b-86 (a). We agree.

time thereafter be continued, set aside, altered or modified by [the] court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. . . ."

Article XVII, § 17.2, of the agreement provides: "No modification or waiver of any of the terms of this agreement will be valid unless the same shall be in writing and executed with the same formality as this agreement." The parties, by this language, clearly expressed their intent to preclude oral modification of the terms of the separation agreement. It is not clear, however, that they intended to bind the court to its original support order. See *Bronson* v. *Bronson*, 1 Conn. App. 337, 338–39, 471 A.2d 977 (1984). Further, no other provision in the agreement purported to limit the power of the court to modify the child support order.[12]

We conclude that the plaintiff may be entitled, pursuant to § 46b-86 (a), to a modification of the child support order upon a showing of a substantial change in the circumstances of either party. Accordingly, the magistrate improperly denied the plaintiff's motion for modification without reaching the merits of the plaintiff's claim that a modification of the judgment was appropriate due to a substantial change in circumstances.

The judgment is reversed and the case is remanded with direction to remand the case to the family support magistrate for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[12] The defendant does not argue, nor could we conclude under the facts of this case, that the child support provision itself contained language precluding modification of the support amount. See *Burke* v. *Burke*, 94 Conn. App. 416, 423–24, 892 A.2d 964 (2006).