# MONIQUE TOBET *v.* MICHAEL TOBET
## (AC 30173)

Gruendel, Lavine and Dupont, Js.

Submitted on briefs September 23, 2009—officially released January 26, 2010

*Sheila K. Rosenstein* filed a brief for the appellant (plaintiff).

*James H. Lee* filed a brief for the appellee (defendant).

*Opinion*

LAVINE, J. This postdissolution proceeding concerns the obligation of a parent to make financial contributions to the college education expenses of the parties' child, pursuant to the parties' separation agreement. The plaintiff, Monique Tobet, appeals from the judgment of the trial court denying her motion to allocate college expenses between the parties by enforcing the parties' separation agreement, which was incorporated in the judgment of dissolution. On appeal, the plaintiff claims that the court erred when it (1) denied her motion requesting an allocation of college expenses based on a specific provision in the judgment of dissolution and (2) found the cost of one year of education at a particular university for which no evidence was presented. We agree with both claims and reverse the judgment of the trial court.

The following procedural history is relevant to our resolution of this appeal. The plaintiff and the defendant, Michael Tobet, were married in 1988 and are the parents of two daughters, one born in 1990 and the other born in 1994. In 2003, the plaintiff sought a judgment of dissolution. In granting the dissolution on July 7, 2004, the court, *B. Fischer, J.*, incorporated the parties' separation agreement into its judgment.[1] Article seven of the agreement is entitled "College Education Expenses" and states in relevant part: "1. The parties will endeavor to provide the children with a four year under-graduate college education at a fully accredited institution of higher learning, including such schools as may be

---

[1] The parties were represented by counsel in the dissolution proceedings.

locally available. The parties shall be responsible for the cost of each child's college expenses, including but not limited to tuition, books, and room and board, but in no event shall either party be liable for more than his or her share of the cost of tuition and board charged at the University of Connecticut at Storrs, for that academic year, unless the parties agree, in writing, to pay for a more expensive school. The parties shall share the above expenses proportionately to their incomes. . . .

"2. Prior to the disbursement of any funds for college educational costs, any funds that the children may have shall be exhausted. The parties also agree that the minor children shall apply for and obtain all scholarships, grants, loans and subsidies as may be available."[2]

On April 18, 2008, the plaintiff filed a motion for modification. Although the motion is entitled motion for modification, it is, in essence, a motion for allocation of the parties' respective shares of their older daughter's college education expenses, and we treat it as such. See *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 320 n.7, 898 A.2d 197 (substance of motion governs its outcome, rather than how it is characterized in title by movant), cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006). The parties appeared pro se before the court, *Hon. Howard T. Owens, Jr.*, judge trial referee, on July 17, 2008, for a hearing. The plaintiff, after being sworn in, made the following representation of facts to the court.

---

[2] The separation agreement, article seven, further provides in relevant part: "3. The [parties] shall consult with each other regarding the children's proposed college education, the choice of schools and the anticipated cost of such education. No expense for such college education shall be incurred without consent of either party and consent shall not be unreasonably withheld. In determining the reasonableness of withholding such consent, the particular child's academic abilities and aptitude, the cost of the specific college in question in relation to other colleges, the financial capability of the [parties] and the attitude and personal behavior of the child shall be appropriate and proper considerations."

The parties' older daughter is an outstanding student. She plays four musical instruments and was the salutatorian of her high school graduating class of 261 students. The older daughter applied to and was accepted for admission by Haverford College, where the annual cost is $51,000. Haverford College awarded the older daughter a financial aid package of $36,000.[3] The plaintiff represented that the older daughter had obtained summer employment to earn funds for her college education. The plaintiff further represented that the defendant did not think that he should be responsible for the older daughter's college expenses. The plaintiff asked the court to review the parties' financial affidavits and to apportion their share of the $10,000 needed to finance their older daughter's education, noting that the sum is considerably less than the annual cost of tuition and board at the University of Connecticut at Storrs.

The defendant, after being sworn in, represented to the court that he had no relationship with his older daughter but that he did complete the financial aid form required of noncustodial parents. He claimed that he had no discussion with his older daughter about her college choices and did not know of them until he received notification from financial aid services. His stated reason for not agreeing to pay his share of the cost of his older daughter's college education was that "it's the principle of the thing here."

After reviewing the parties' separation agreement and the parties' financial information, the court issued the following ruling from the bench.[4] "First of all, I've

[3] The record is unclear whether the older daughter's financial aid package was worth $36,000 or $38,000. The transcript contains both figures. For purposes of this appeal, the difference is not relevant.

[4] The plaintiff has not provided this court with a memorandum of decision or a signed transcript of the court's oral decision. See Practice Book §§ 61-10 and 64-1. She, however, has provided us with an unsigned transcript of the proceeding. "On occasion, we will entertain appellate review of an unsigned transcript when it sufficiently states the court's findings and conclusions." *In re Anthony E.*, 96 Conn. App. 414, 417, 900 A.2d 594, cert. denied,

looked at the agreement very carefully, and the agreement provides that the parties shall be responsible for the cost of each child's college expenses, including but not limited to, tuition, books and room and board. But in no event shall—no event shall either party be liable for more than his or her share of the cost of tuition and board charged at the University of Connecticut at Storrs for that academic year, which is roughly $16,000 or $17,000. So, the answer is, the way this agreement is drafted and the way this is presented, neither of the parties is responsible for anything in excess of $16,000. The child is responsible.

"I can only say to you that the—I would think that with a school like Haverford, that's such a quality university, that my advice would be to split it $5000-$5000, whatever you're going to do. But based on this agreement, I cannot order that. All I can order you is, it seems to me—I know you've had your troubles, [defendant], with your kids and so forth like that, but $5000 a year for Haverford is something that you should really give some serious thought to. That's all I can say. The motion is denied . . . ." The plaintiff appealed.

I

The plaintiff's first claim is that the court erred when it denied the plaintiff's motion for an allocation of the older daughter's college expenses. We agree.

The court did not explain the rationale for its decision in denying the plaintiff's motion for an allocation of the older daughter's college expenses. Our resolution of the plaintiff's appeal, however, turns on the construction of

280 Conn. 914, 908 A.2d 535 (2006). In view of the plaintiff's claims on appeal and our review of the unsigned transcript, we conclude that we have an adequate record for review.

the parties' separation agreement.[5] See *Histen* v. *Histen*, 98 Conn. App. 729, 732, 911 A.2d 348 (2006). "[I]t is familiar law that a marital dissolution agreement is a contract. . . . Thus, in reviewing it, we are guided by the law that the interpretation of a contract may either be a question of law or fact, depending on whether the language of the contract is clear and unambiguous." (Citation omitted.) *Medvey* v. *Medvey*, 83 Conn. App. 567, 571, 850 A.2d 1092 (2004). "When the language of the agreement is clear and unambiguous, its meaning is a question of law subject to plenary review. . . . When the agreement at issue is ambiguous, however, its meaning is a question of fact, and the court's interpretation thereof will not be disturbed on appeal unless it is clearly erroneous." (Citation omitted.) *Histen* v. *Histen*, supra, 733.

"[A] contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) *Sutherland* v. *Sutherland*, 107 Conn. App. 1, 5–6, 944 A.2d 395 (2008).

The language of the separation agreement at issue is: "The parties shall be responsible for the cost of each

---

[5] The plaintiff incorrectly filed a motion for articulation of the court's decision in the trial court. See Practice Book § 66-5. Thereafter, the plaintiff filed a motion for permission to file late a motion for articulation in this court. This court denied the motion for permission to file late a motion for articulation.

child's college expenses, including but not limited to tuition, books, and room and board, but in no event shall either party be liable for more than his or her share of the *cost* of tuition and board charged at the University of Connecticut at Storrs, for that academic year . . . ." (Emphasis added.) On the basis of our review of the language, we conclude that it is clear and unambiguous as a matter of law. Pursuant to their agreement, the parties agreed to pay the cost of their children's college education, but the amount they each agreed to pay "proportionately to their incomes" is not to exceed the *cost* of attending the University of Connecticut at Storrs. The agreement does not limit the cost of the children's education, it merely limits the amount of that cost that the parties are to pay. Moreover, the agreement does not require the parties' children to attend the University of Connecticut at Storrs; it merely uses the cost of tuition and board at the University of Connecticut at Storrs as a reference point. Our conclusion is supported by the first sentence of article seven of the separation agreement, which states, "[t]he parties will endeavor to provide the children with a four year under-graduate education at a fully accredited institution of higher learning, including such schools as may be locally available." See *Taylor* v. *Taylor*, 117 Conn. App. 229, 232, 978 A.2d 538 (construction of contract to ascertain intent of parties question of law when agreement unambiguous within four corners of instrument), cert. denied, 294 Conn. 915, 983 A.2d 852 (2009).

In this case, the plaintiff presented evidence that the cost of their older daughter's attending Haverford College was $51,000 and that the daughter had been awarded a financial aid package of $36,000. The plaintiff represented that the parties' older daughter needed an additional $10,000 to pay for one year at Haverford College; the defendant did not dispute that amount. Although there was no evidence as to the cost of tuition

and board at the University of Connecticut at Storrs; see part II of this opinion; the court believed the cost to be $16,000 or $17,000 per year, an amount greater than $10,000. We conclude, therefore, that the court erroneously denied the plaintiff's motion to allocate the parties' respective shares of the cost of their older daughter's college education at Haverford College. The case must be remanded for the court to make the necessary factual findings and to determine the parties' proportionate share of the cost of their older daughter's college education.

## II

The plaintiff's second claim is that the court erroneously found that the cost of the annual tuition and board at the University of Connecticut at Storrs is $16,000 or $17,000 because there is no evidence in the record to support that finding. We agree.

"Appellate review of a trial court's finding of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding on this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . ." (Internal quotation marks omitted.) *Buehler* v. *Buehler*, 117 Conn. App. 304, 317–18, 978 A.2d 1141 (2009). Our review of the transcript reveals that no evidence as to the cost of the annual tuition and board at the University of Connecticut at Storrs was presented to the court. The court's finding, therefore, is clearly erroneous.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.