JEFFREY D. GLENN *v*. DIANE P. GLENN
(AC 32760)

DiPentima, C. J., and Alvord and Foti, Js.

---

Argued November 15, 2011—officially released February 7, 2012

*Mary M. Puhlick*, with whom, on the brief, was *Michael J. Cartier*, for the appellant (plaintiff).

*Diane P. Glenn*, pro se, the appellee (defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Jeffrey D. Glenn, appeals from the postdissolution order of the trial court

requiring him to pay a portion of the college expenses for the parties' adult child. On appeal, he argues that (1) General Statutes § 46b-56c violates the equal protection clause of the Connecticut constitution, (2) the court abused its discretion by failing to make the threshold finding that the parties would have provided support for the college expenses had the family remained intact and (3) the court abused its discretion with respect to the amount he was to contribute to the college expenses. We affirm the judgment of the trial court.

On October 3, 2007, the court rendered a judgment dissolving the marriage of the plaintiff and the defendant, Diane P. Glenn.[1] The court incorporated the parties' written settlement agreement into the terms of the dissolution judgment. Section 4.4 of the settlement agreement provided that the court would "retain jurisdiction to allocate between [the parties] any and all college tuition and expenses incurred on behalf of the [then] minor child upon post-judgment motion of either party, pursuant to . . . § 46b-56c."

On March 27, 2009, the defendant filed a motion for modification[2] seeking $160 per week to help provide the opportunity of higher education for the parties' child. On June 16, 2009, the court issued the following order: "[The] [p]laintiff is to pay $100 per week to [the] defendant until the minor child's eighteenth birthday . . . . After her birthday, payments are ordered to go directly to the educational institution that the [child] attends. If [the] plaintiff resumes employment before the end of the year, his payments are to increase to $160 per week. This order will last one year from July

---

[1] We note that the defendant was represented by counsel before the trial court but has acted pro se in this appeal.

[2] Although the defendant filed a motion for modification, it is in essence a motion for allocation of the parties' respective shares of the child's college education expenses, and we treat it as such. See *Tobet* v. *Tobet*, 119 Conn. App. 63, 65, 986 A.2d 329 (2010).

1, 2009." On July 14, 2010, the defendant filed another motion for modification, noting that the court's previous order had lapsed and seeking an increase in the educational support order and an extension of the order to the remainder of the child's college education.

A hearing on the defendant's motion was held on September 7, 2010. The plaintiff testified that he had suffered an injury in the course of his employment and was receiving workers' compensation benefits. He also stated that he had a pending personal injury action. The plaintiff testified that, as a result of his inability to work, he had exhausted his savings, liquidated his retirement plan and been forced to rely on credit cards to meet his financial obligations. The plaintiff's counsel suggested that the plaintiff be permitted to turn over approximately $3000 worth of savings bonds in lieu of an educational support order, until the plaintiff was able to return to work.

The court issued an oral decision, first finding an arrearage of $500 from the previous court order.[3] It then ordered the plaintiff to convert the bonds to cash and to tender that money to the defendant. It also ordered each party to pay $9334.50 toward the child's educational expenses for her sophomore year. The court then elaborated: "And I am doing that not because of the history of the case but because at the present [time] their earnings are essentially equal, even with the workers' [compensation] and with [the plaintiff's] injury. [The plaintiff] continues to draw good benefits from his prior employment, and in the long run he has one or two pots of gold perhaps that he's going to recover at some point." The order required that the bond payment be completed within two weeks, and the

---

[3] We note that the plaintiff failed to provide this court with a signed transcript of the court's decision. See Practice Book § 64-1. Despite this noncompliance with our rules of practice, we conclude that the record is adequate for our review, and we will review the plaintiff's claims.

remaining $9334.50 be paid in full if he received a lump sum award from either his workers' compensation benefits or the personal injury action. If the plaintiff received neither award, he was to pay $100 per week, starting on September 1, 2010.

On appeal, the plaintiff first claims that § 46b-56c violates the equal protection clause of the Connecticut constitution. Specifically, he argues that the statute imposes the payment of postmajority educational expenses on divorced or unmarried parents, but not on parents of intact families. We decline to review this claim.

The issue of the constitutionality of § 46b-56c was not raised before the trial court. In his appellate brief, the plaintiff failed to request review pursuant to *State v. Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[4] or the plain error doctrine. See Practice Book 60-5.[5] This court recently stated: "It is a bedrock principle of appellate jurisprudence that, *generally*, claims of error not raised before the trial court will not be considered by a reviewing court. The principle is rooted in considerations of fairness as well as judicial economy." (Emphasis in original.) *State v. Elson*, 125 Conn. App. 328, 340–41, 9 A.3d 731 (2010) (en banc), cert. granted on

[4] "Under *Golding*, a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . The test set forth in *Golding* applies in civil as well as criminal cases." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Perricone v. Perricone*, 292 Conn. 187, 212 n.24, 972 A.2d 666 (2009).

[5] Practice Book § 60-5 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

other grounds, 300 Conn. 904, 12 A.3d 572 (2011); see also *Adamo* v. *Adamo*, 123 Conn. App. 38, 45–46, 1 A.3d 221, cert. denied, 298 Conn. 916, 4 A.3d 830 (2010); *Noonan* v. *Noonan*, 122 Conn. App. 184, 190, 988 A.2d 231, cert. denied, 298 Conn. 928, 5 A.3d 490 (2010). The failure of the plaintiff to request any of the extraordinary avenues of appellate review for unpreserved claims is fatal to his argument on appeal.

The plaintiff next argues that the court abused its discretion by failing to make the threshold finding that the parties would have provided support for the college expenses had the family remained intact. Section 46b-56c (c) provides in relevant part: "The court may not enter an educational support order pursuant to this section unless the court finds as a matter of fact that it is more likely than not that the parents would have provided support to the child for higher education or private occupational school if the family were intact. . . ."

We acknowledge that the court's oral decision does not contain the finding required by § 46b-56c (c). This court in *Sander* v. *Sander*, 96 Conn. App. 102, 117, 899 A.2d 670 (2006), concluded that "the statute clearly provides that the court must make the necessary factual finding *before* it can enter an educational support order. The finding, therefore, merely may not be implied, but must be expressed. We are convinced that § 46b-56c (c), as written, cannot be read in any other manner." (Emphasis in original.) Nevertheless, the court there concluded that the failure to make the express finding was harmless because there was ample evidence in the record to support such a finding. Id., 118.

In the present case, we also conclude that the court's failure to make the finding pursuant to § 46b-56c (c) was harmless. First, we note that the settlement agreement expressly provided for the court to retain jurisdiction

over and to allocate the child's college expenses. Second, the plaintiff's counsel offered the money from the savings bonds in lieu of an educational support order. This offer suggests an intention by the plaintiff to provide financial support for the child's college education, not contradicted by any other evidence. Third, the plaintiff never presented evidence or argued to the trial court that he would not have provided support for the college expenses had the family remained intact; instead he focused on his present financial issues and his inability to pay the amount requested by the defendant.[6] We also note that the plaintiff requested only that the court refrain from entering an educational support order until he was able to return to work. Finally, the court noted that the defendant had gone into debt to pay the child's college expenses and that it was appropriate for the plaintiff to "step up to the plate and meet his obligation." The court appears to have implicitly recognized an intention by the plaintiff to provide support for college expenses.

There is no evidence in the record that would support a finding that the plaintiff would not have provided support for the college education of the child had the family remained intact.[7] Given the facts and circumstances of this case, we are persuaded that had the

---

[6] We note that "ordinarily appellate review is not available to a party who follows one strategic path at trial and another on appeal, when the original strategy does not produce the desired result. . . . To allow the [party] to seek reversal now that his trial strategy has failed would amount to allowing him to induce potentially harmful error, and then ambush the [opposing party and the court] with that claim on appeal." (Citation omitted; internal quotation marks omitted.) *State* v. *Castillo*, 121 Conn. App. 699, 716 n.17, 998 A.2d 177, cert. denied, 297 Conn. 929, 998 A.2d 1196, cert. denied, 562 U.S. 1094, 131 S. Ct. 803, 178 L. Ed. 2d 537 (2010); see also *Kaczynski* v. *Kaczynski*, 294 Conn. App. 121, 131 n.13, 981 A.2d 1068 (2009).

[7] "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Zahringer* v. *Zahringer*, 124 Conn. App. 672, 677, 6 A.3d 141 (2010).

court found that the plaintiff would not have provided support for the college education of the child, such a finding would have been clearly erroneous. Therefore, for these reasons, we conclude, as we did in *Sander*, that the court's failure to comply with § 46b-56c (c) is harmless because there was evidence in the record to support such a finding. Accordingly, the plaintiff is not entitled to relief. See *Sander* v. *Sander*, supra, 96 Conn. App. 118.

The plaintiff's final claim is that the court abused its discretion with respect to the amount he was to contribute to the child's college expenses. Specifically, he argues that the court improperly based its order on two speculative events, the receipt of a lump sum award from either workers' compensation benefits or from his personal injury action. Additionally, the plaintiff contends that the award exceeded his ability to pay, given his present financial circumstances. We disagree.

"We review financial awards in dissolution actions under an abuse of discretion standard. . . . In order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. . . . In making those determinations, we allow every reasonable presumption . . . in favor of the correctness of [the trial court's] action." (Internal quotation marks omitted.) *Loughlin* v. *Loughlin*, 93 Conn. App. 618, 624, 889 A.2d 902, aff'd, 280 Conn. 632, 910 A.2d 963 (2006); see also *Crews* v. *Crews*, 107 Conn. App. 279, 305, 945 A.2d 502 (2008) (trial court afforded wide latitude of discretion in making financial orders), aff'd, 295 Conn. 153, 989 A.2d 1060 (2010).

First, we note that the court did not make the plaintiff's financial obligation dependent on his potential receipt of a lump sum award from either workers' compensation benefits or the personal injury action. It

merely ordered that *if* such an award occurred, *then* the plaintiff was obligated to pay in full his share of the college expenses at that time. Second, after carefully reviewing the record, we conclude that the court's financial order did not constitute an abuse of discretion. Specifically, the court found the parties' earnings to be essentially equal, even though the plaintiff was receiving workers' compensation benefits. Additionally, the court found that the plaintiff "continues to draw good benefits from his prior employment, and in the long run, he has one or two pots of gold *perhaps* that he's going to recover at some point." (Emphasis added.) The plaintiff has failed to persuade us that the court's order constituted an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.