******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ERIC STEVENS *v.* EDWARD KHALILY ET AL.
(AC 41801)

DiPentima, C. J., and Alvord and Flynn, Js.

*Syllabus*

The plaintiff sought to recover damages for, inter alia, intentional infliction of emotional distress from the defendants E and T, who filed a motion to dismiss for lack of personal jurisdiction due to improper service of process as a result of the plaintiff's failure to serve them at their last known addresses, and neither of whom was a resident of this state. The trial court granted the motion to dismiss and rendered judgment in part thereon, concluding that where, as here, there was a challenge to personal jurisdiction of nonresident individuals, it was the plaintiff's burden to produce evidence adequate to establish such jurisdiction, and that the plaintiff had failed to use diligent and persistent efforts to properly serve E and T at their last known addresses. On the plaintiff's appeal to this court, *held* that the trial court properly granted the motion to dismiss filed by E and T: because there was a dispute as to the location of the last known addresses of E and T, once their affidavits raised a factual question challenging the court's jurisdiction for insufficient service of process, the burden shifted to the plaintiff to prove the court's jurisdiction over the nonresident defendants, the plaintiff did not cite to any counter authority to disclaim his burden to prove jurisdiction, nor did he provide evidence of his diligent and persistent efforts to locate the last known addresses of E and T within a reasonable time of his attempt to serve process on them, as mere notice of the action is not sufficient to confer personal jurisdiction over a party who has not been properly served, and the plaintiff failed to account for his efforts to remain current on the whereabouts of E and T before attempting service of process to commence this action; accordingly, because the plaintiff failed to sustain his burden that he properly served E and T at their respective last known addresses and that he made a reasonably diligent search to find out their last known addresses, within a reasonable time, before attempting service of process, the court lacked personal jurisdiction over E and T.

Argued September 24—officially released December 3, 2019

*Procedural History*

Action to recover damages for, inter alia, intentional infliction of emotional distress, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Shapiro, J.*, granted the motion to dismiss for lack of personal jurisdiction filed by the named defendant et al. and rendered judgment in part thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Norman A. Pattis*, for the appellant (plaintiff).

*Sarah F. D'Addabbo*, with whom was *Matthew G. Conway*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Eric Stevens, appeals from the judgment of the trial court granting the motion to dismiss filed by the defendants Tiffany Khalily and Edward Khalily,[1] which was based on lack of personal jurisdiction due to improper service of process in that the plaintiff did not serve the defendants at their last known addresses. Specifically, the plaintiff argues that the trial court improperly relied on "conclusory and self-serving affidavits of the defendants which were insufficient to rebut the presumption of proper service." We disagree and affirm the judgment of the trial court.

For the first time on appeal, the plaintiff claims that in assessing his due diligence in determining the defendants' last known addresses: (1) the court should have conducted an evidentiary hearing, despite the court's finding that he had never requested one; (2) the court should have considered that the plaintiff is a victim of a crime; and (3) the defendants have "fled to parts unknown." The plaintiff did not raise these issues before the trial court and we, therefore, decline to review them for the first time on appeal. See *Histen* v. *Histen*, 98 Conn. App. 729, 737, 911 A.2d 348 (2006).

The following facts are relevant to this appeal. The plaintiff commenced this matter on October 10, 2017. On December 20, 2017, the defendants filed a motion to dismiss the complaint for lack of personal jurisdiction due to insufficient service of process. Neither defendant in this case is a resident of Connecticut. The court granted the defendants' motion to dismiss, concluding that when there is a challenge to the personal jurisdiction of nonresident individuals, " 'it [is] the plaintiff's burden to produce evidence adequate to establish such jurisdiction,' " citing *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 515–16, 923 A.2d 638 (2007). The court held that the plaintiff had failed to meet the statutory requirements of using " 'diligent and persistent efforts' "; *Matthews* v. *SBA, Inc.*, 149 Conn. App. 513, 533, 89 A.3d 938, cert. denied, 312 Conn. 917, 94 A.3d 642 (2014); to properly serve the defendants at their last known addresses. See General Statutes § 52-59b (c). This appeal followed.

The plaintiff claims that the trial court improperly granted the defendants' motion to dismiss for lack of personal jurisdiction based solely on the affidavits of the defendants, asserting that the affidavits were insufficient to rebut the presumption of proper service. The defendants counter that the court properly found from the affidavits that the plaintiff failed to follow the requirements of § 52-59b.

We first set forth the appropriate standard of review. "The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the

court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Cogswell* v. *American Transit Ins. Co.*, supra, 282 Conn. 516.

Although it is generally a defendant's burden to disprove personal jurisdiction, our Supreme Court has explained that this burden can shift in two ways. Id., 515. In particular, the court noted: "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction. . . . If the defendant challenging the court's personal jurisdiction is a . . . nonresident individual, it is the plaintiff's burden to prove the court's jurisdiction." (Citation omitted; internal quotation marks omitted.) Id.

At issue in this appeal is the requirement, pursuant to Connecticut's long arm statute, § 52-59b,[2] that the plaintiff serve the nonresident defendants at their "last-known address[es]." General Statutes § 52-59b (c). With respect to this requirement, our Supreme Court has stated that "last-known address does not mean the last address known to the plaintiff but does mean the last address of the defendant so far as it is known, that is, by those who under the ordinary circumstances of life would know it. Unless the defendant has departed for parts unknown, it means his actual address; if he has disappeared it means his last address so far as it is reasonably possible to ascertain it. This address the plaintiff must learn at his peril and only if the copy is mailed to it is there a compliance with the statute. . . . Interpreted in the sense which the legislature intended, our statute, if complied with, will certainly bring about a reasonable probability of actual notice of the pendency of the action to the defendant." (Internal quotation marks omitted.) *Cadlerock Joint Venture II, L.P.* v. *Milazzo*, 287 Conn. 379, 393, 949 A.2d 450 (2008).

This court has noted that "[a] plaintiff must use diligent and persistent efforts . . . to determine the actual address of the defendant and unless a defendant has departed for parts unknown, the plaintiff must learn the defendant's actual address at his peril." (Citation omitted; internal quotation marks omitted.) *Matthews* v. *SBA, Inc.*, supra, 149 Conn. App. 533.

In support of his motion to dismiss the defendant Edward Khalily swore in his affidavit that he had left New York in 2014 and changed his address from that state, and that he was not registered to vote in that state or licensed to drive in New York.

In support of her motion to dismiss, the defendant Tiffany Khalily swore in her affidavit that she moved from 4 Portico Court, New York, New York, in November, 2016, and has lived at her present address since

January, 2017, where she received forwarded mail.

As previously noted, it is generally the defendant's burden to disprove jurisdiction. However, our Supreme Court held in *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 53–54, 459 A.2d 503 (1983), that "[t]he general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction. . . . There should be no presumption of the truth of the plaintiff's allegation of the additional facts necessary to confer jurisdiction. . . . Placing the burden on the plaintiff to prove contested factual issues pertaining to jurisdiction is in accord with rulings in other states which have addressed the same question." (Citation omitted; internal quotation marks omitted.) In the present case, because there is a dispute as to the location of the defendants' last known addresses, once the defendants' affidavits raised a factual question challenging the court's jurisdiction for insufficient service of process, the burden shifted to the plaintiff to prove the court's jurisdiction. Furthermore, because the defendants are nonresident individuals and they challenge personal jurisdiction, the burden lies with the plaintiff to prove the court's jurisdiction. See *Cogswell* v. *American Transit Ins. Co.*, supra, 282 Conn. 515. In his counter affidavit the plaintiff swore, inter alia, that he had relied on information from "common people [the parties] know," including Jessie Popowich, to help him locate where his daughter was residing. Popowich told him in October, 2016, that his daughter resided with the defendant Tiffany Khalily at 4 Portico Court, Great Neck, New York. Furthermore, he has had no contact with the defendant Edward Khalily since 2012, but was told in the fall of that year that he resided at 845 United Nations Plaza, Unit 77C, New York, New York. The plaintiff does not cite to any counter authority to disclaim his burden to prove jurisdiction nor does he provide evidence of his "diligent and persistent efforts" to locate the defendants' last known addresses within a reasonable time of his attempt to serve process on the defendants. He simply asserts that because the defendants received actual notice of the summons and complaint, he has met the requirements of § 52-59b. However, this court held in *Matthews* v. *SBA, Inc.*, supra, 149 Conn. App. 539, that a defendant's "[m]ere notice of an action is not sufficient to confer personal jurisdiction" over a party who has not been properly served. (Internal quotation marks omitted.)

In its memorandum of decision, the trial court stated that "[r]egardless of [the] steps that the plaintiff took to find the defendants' addresses, even if the court were to find that the plaintiff's efforts in 2012 and 2016 were reasonably diligent, the plaintiff has failed to account for his efforts to remain current on their whereabouts

before attempting service of process in October, 2017, to commence this present action. Here, the plaintiff relied on information that was approximately a year old for [Tiffany] Khalily and five years old for [Edward] Khalily. Thus, it appears that the plaintiff relied on old information without attempting to verify that the addresses he had were still current. Such reliance indicates that the plaintiff was not reasonably diligent in attempting to determine the last known addresses of the defendants. . . . The plaintiff, therefore, has failed to meet his burden of proving that he used reasonably diligent efforts to find the defendants' last known address[es] and that the court can exercise personal jurisdiction over them."

The record and law support the trial court's judgment that it lacked personal jurisdiction over these nonresident defendants. The plaintiff has failed to sustain his burden that he properly served the defendants at their respective last known addresses and that he made a reasonably diligent search to find out their last known addresses, within a reasonable time, before attempting service of process. We, therefore, conclude that the trial court properly granted the defendants' motion to dismiss.

The judgment is affirmed.

[1] Although there were other defendants named at trial, only Tiffany Khalily and Edward Khalily filed the motion to dismiss. We, therefore, refer to them as the defendants in this opinion.

[2] General Statutes § 52-59b (a) provides in relevant part that "a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) [t]ransacts any business within the state; (2) commits a tortious act within the state. . .; (3) commits a tortious act outside the state causing injury to person or property within the state. . . .; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state."

Subsection (c) of § 52-59b explains the proper service of process on nonresident individuals, providing, in relevant part: "Any nonresident individual . . . as provided in subsection (a) of this section, shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the Secretary of the State and shall have the same validity as if served upon the nonresident individual . . . . The process shall be served by the officer to whom the same is directed upon the Secretary of the State by leaving with or at the office of the Secretary of the State, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at the defendant's last-known address, by registered or certified mail, postage prepaid, return receipt requested, a like true and attested copy with an endorsement thereon of the service upon the Secretary of the State. The officer serving such process upon the Secretary of the State shall leave with the Secretary of the State, at the time of service, a fee of twenty-five dollars, which fee shall be taxed in favor of the plaintiff in the plaintiff's costs if the plaintiff prevails in any such action. The Secretary of the State shall keep a record of each such process and the day and hour of service."